Argued and submitted January 23, affirmed September 13, 1989

In the Matter of the Marriage of

# ALLEY,
*Appellant,*
*and*

# ALLEY,
*Respondent.*

(D7607-09870; CA A47193)

779 P2d 210

Barrie J. Herbold, Portland, argued the cause for appellant. With her on the brief were David B. Markowitz, Lucy J. Brehm and Markowitz, Herbold, Stafford & Glade, P.C., Portland.

Ira L. Gottlieb, Portland, argued the cause for respondent. With him on the brief were Ellen R. Charley and Keller, Gottlieb & Gorin, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

### NEWMAN, J.

Husband, age 56, appeals an order that denied his petition to terminate or reduce spousal suppport on the ground that wife, age 57, had not made reasonable efforts during the ten years after the dissolution of the marriage to become self-supporting. ORS 107.407. The court also gave a judgment to wife for attorney fees, which husband also appeals. On *de novo* review, we affirm.

An Oregon court dissolved the parties' marriage of 24 years in 1977. It incorporated into the decree a property settlement agreement that provided:

"Commencing July 1, 1978, [husband] shall pay to [wife] as and for her support an amount equal to 20 percent of [husband's] gross earnings from his employment provided, however, that said obligation for support of [wife] shall be reduced by 50¢ for each $1 which [wife] shall earn in excess of $750 per month of her gross earnings in any given month. That the support of [wife] shall terminate upon [husband's] death or [wife's] death or remarriage."

Husband has paid the support that the decree requires.

ORS 107.407 provides:

"If an individual has paid an amount of money in instalments for more than 10 years for the support of a former spouse under a court decree of annulment or dissolution of marriage that ordered such payment, and when the former spouse has not made a reasonable effort during that period of time to become financially self-supporting and independent of the support provided under the decree, the individual paying the support may petition the court that issued the decree to set aside so much of the decree as may provide for the support of the former spouse. The petition shall not be granted if spousal support was granted in the decree in lieu of a share of property in order to provide the other spouse with a tax benefit."

ORS 107.412(2) provides, in part:

"[I]f the court finds that the party receiving support has not made a reasonable effort during the previous 10 years to become financially self-supporting and independent of the support provided under the decree, the court shall order that support terminated. In making its finding under this subsection, the court shall consider the following matters:

"(a)   The age of the party receiving support;

"(b)   The health, work experience and earning capacity of the party;

"(c)   The ages, health and dependency conditions of the minor children of the party; and

"(d)   Efforts made by the party during the previous 10 years to improve opportunites for gainful or improved employment including, but not limited to, attendance at any school, community college or university or attendance at courses of vocational or technical training."

At the time of the dissolution, husband was a lawyer in the military service. He became dean of a midwestern law school in 1981. In 1982, he moved to terminate spousal support on the ground that there had been a change of circumstances. The court denied the motion.[1] In 1985, husband became a United States district court judge. As a result of his career changes, his salary and his spousal support obligation have increased threefold.

In October, 1987, husband moved for an order to show cause why his spousal support obligation should not be terminated or, in the alternative, reduced to reflect amounts that respondent could have earned had she made a reasonable effort to support herself. ORS 107.407. The trial court concluded that husband had not shown that wife had not made a reasonable effort to become self-supporting and denied the petition.

The evidence at the hearing showed these facts. Wife has a history over many years of episodic acute mental disease that has required several hospitalizations of up to several months. For a week in 1985, she was again hospitalized. She had received a degree in education before the marriage and had taught for several years. After 1956, however, she became

---

[1] Its order stated:

"[Husband] failed to meet the burden of demonstrating a change of circumstances sufficient to allow modification of the spousal support provision.

"The parties contemplated a change in the income of each of them by agreement to a standard which would increase or decrease spousal support depending on the earnings of each."

a full-time homemaker for many years, and her teaching certification lapsed. In the later years of the marriage, she worked sporadically in clerical positions.

After the dissolution, from 1977 to 1983, she held several full-time clerical jobs. In July, 1983, she voluntarily left her position with the Marine Corps, because, she asserts, the office moved from Portland, where she resided, to Corvallis. In 1983, she applied to two law schools and took some preparatory courses, but was not admitted to law school. During that year, she also began to update her education credentials. From 1983 to 1987, she took classes part-time in education, Spanish and business education. She earned no income from 1984 to 1986. Beginning in 1984, she worked as a volunteer in various part-time teaching and tutoring positions for several months at a time. In 1986, she obtained teaching certifications in Washington and Oregon. During 1987, she did substitute teaching and earned about $2,000. She also registered with her college placement office, and between February, 1986, and September, 1987, submitted about 60 applications for teaching and clerical positions and attended interviews.

At the hearing, husband introduced testimony of the parties' son that wife had stated that she intended to make husband pay support for the rest of his life and, therefore, would not obtain a job that would result in a decrease in support payments to her. He also introduced two 1983 letters that wife had written to him. One included a cartoon that appeared to depict her early retirement. The other stated:

> "Since the courts have ruled in my favor and we agree that they have jurisdiction, I figure that you are stuck with the payment to me until you get it put aside by some other means. * * * I will let you know in the future when I get another job and how much I make at it."

Husband argued that wife had not made reasonable efforts to become self-supporting. He asserted that she took classes that were not necessary to improve her qualifications or her skills or to obtain teaching certificates. He argued that she could easily have obtained a job had she wanted it, made too few job applications and had deliberately avoided a full-time job. An expert witness that husband called testified that

an unemployed person should reasonably make 10 job contacts a week.

Wife argued that she had made reasonable efforts to be self-supporting. She emphasized her history of mental illness and that the son had testified to her present feelings of paranoia and depression. She also emphasized that she has improved her teaching skills, obtained certification and experience and has submitted numerous applications. A college placement officer testified that it was reasonable for wife to do volunteer and substitute teaching to obtain experience and job contacts.

■ Husband first assigns as error that the trial court allocated the burden of persuasion to him. We disagree.

> "A party has the burden of persuasion as to each fact the existence or nonexistence of which the law declares essential to the claim for relief or defense the party is asserting." ORS 40.105.

Under ORS 107.407, the court may only set aside the support provision if wife has not used reasonable efforts to become financially self-supporting and independent of the support. Husband has the burden of persuasion on this issue.

■ Husband also assigns as error that the trial court found that wife's efforts to become financially self-supporting were not unreasonable. Viewing the entire period in question, we conclude that wife's efforts were not unreasonble. Under ORS 107.412(2), we determine the reasonableness of wife's efforts in light of her age, work experience, mental health history and efforts "to improve opportunities for * * * improved employment." Until July, 1983, wife held several full-time clerical positions. Although at times thereafter she made a little or no effort to become self-supporting, at other times, and particularly more recently, she has taken steps to improve her skills and obtain employment. Further, she is 57 and has a history of mental illness, factors that affect her ability to take a full-time course load. It was not unreasonable for wife to reestablish her credentials as a teacher and to improve her teaching skills through courses, volunteer work and substitute teaching before seeking a teaching position. She has obtained certification in both Washington and

Oregon. Commencing in February, 1986, she has also consistently applied for classroom teaching, tutoring and clerical positions.

Husband also asserts that the court did not consider his expert's opinion that respondent's job-seeking efforts were unreasonable. It did so, and so do we. We conclude, however, that the expert's opinion is not persuasive. When we consider wife's age, history of mental illness, the nature of the employment for which she applied and her experience, her job-seeking efforts were reasonable.

■ Husband also asserts that the trial court based its decision in part on matters other than the reasonableness of wife's efforts to become self-supporting and independent. The court stated that it had considered wife's needs and that the decree contemplated that she would share in husband's future income. On *de novo* review, we consider only the matters that ORS 107.412(2) requires courts to consider. Therefore, if the trial court also considered other matters, the error is harmless.[2]

Affirmed. Costs to wife.

---

[2] In view of our disposition of the case, we affirm the judgment for attorney fees.